**Shawn KAMPFE, Plaintiff,**

v.

**PETSMART, INC., and Matthew Boos, Defendants.**

**No. C14–4017–MWB.**

United States District Court, N.D. Iowa, Western Division.

Signed Jan. 29, 2015.

---

Jennifer Lynn Turco Meyer, Raymond R. Aranza, Marks Clare & Richards, LLC, Omaha, NE, for Plaintiff.

Kelly Ann Moffitt, Patrick Robert Martin, Ogletree, Deakins, Nash, Smoak & Stewart, PC, George R. Wood, Andrew James Voss, Littler Mendelson, PC, Minneapolis, MN, for Defendants.

## ORDER

LEONARD T. STRAND, United States Magistrate Judge.

### I. INTRODUCTION

Shawn Kampfe has filed a motion (Doc. No. 19) to quash and for protective order. Defendant PetSmart, Inc. (PetSmart) has filed a resistance (Doc. No. 20). Kampfe did not file a reply. No party has requested oral argument. The motion is fully submitted.

### II. RELEVANT BACKGROUND

Kampfe filed this action on February 28, 2014, against PetSmart and Matthew Boos. Her complaint, as amended (Doc. No. 3), alleges that she was hired by PetSmart on June 5, 2005, to be the presentation manager at its Eagan, Minnesota store. She alleges that she was transferred to PetSmart's Sioux City store in September 2005 and that she was promoted to the position of operations manager of that store in December 2006. She further alleges that Boos was the store manager and her direct supervisor.

Kampfe contends Boos subjected her to sexual harassment, inappropriate touching and sexual comments. She further contends that she reported this harassment to the human resources department and to certain PetSmart managers. She alleges that after her complaints were investigated and substantiated, Boos retaliated against her by escalating his harassment and subjecting her to heightened scrutiny and unfair treatment. She describes additional complaints to upper management, which she claims were not investigated or acted upon properly, and continued harassment and retaliatory conduct by Boos. Doc. No. 3 at ¶¶ 14–18. Kampfe alleges she was discharged soon after she filed a complaint with the Sioux City Human Rights Commission. She asserts claims of hostile work environment and retaliation under Title VII of the Civil Rights Act of 1964 and the Iowa Civil Rights Act, as well as a claim of failure to pay overtime under the Fair Labor Standards Act.

The defendants filed an answer (Doc. No. 6) in which they deny Kampfe's operative allegations, deny liability and assert various affirmative defenses. They contend Kampfe was suspended, and subsequently discharged, because of complaints relating to her conduct and not, as she claims, for retaliatory purposes. They further assert that Kampfe was not entitled to overtime pay because, as operations manager, she was properly classified as an exempt employee.

On August 8, 2014, PetSmart served discovery on Kampfe requesting, in part, infor-

mation relating to Kampfe's current and former employers and asking for signed records-release authorizations. Kampfe did not provide signed authorizations. However, after various communications between counsel, Kampfe provided signed authorizations for two of her three former employers. She did not provide an authorization for Sears, a former employer, or Fimco, her current employer.

On December 15, 2014, PetSmart served a Notice of Subpoenas that included proposed subpoenas to Sears and Fimco.[1] The Notice indicated that PetSmart would be demanding productions of three types of documents for the period between September 1999 and February 2005:

A. Personnel Records. Any and all personnel records, including but not limited to starting and ending dates of employment, applications, resumes, job descriptions, performance evaluations, disciplinary reports, and reason(s) for employment separations;

B. Payroll Records. Any and all W–2 forms and records of earnings and compensation; and

C. Benefits Records. Any and all benefits records, including but not limited to all documents relating to medical and other benefits available to Shawn Kampfe during her employment.

Doc. No. 20–2 at 4. On December 17, 2014, PetSmart offered to limit the Sears subpoena to certain personnel file documents, including (1) Kampfe's starting and ending dates of employment, (2) applications, (3) resumes, (4) job descriptions, (5) performance evaluations, (6) disciplinary reports and (7) reason(s) for employment termination. Kampfe apparently found this offer to be unsatisfactory, as she filed this motion two days later. She seeks an order quashing the (yet unserved) subpoena to Sears and also seeks a protective order prohibiting further efforts to obtain information of this nature.

1. Kampfe has since provided an authorization for her employment records at Fimco. As such, the subpoena directed to Sears is the only sub-

## III. ANALYSIS

### A. Applicable Standards

■ The Federal Rules of Civil Procedure authorize broad discovery. *See* Fed. R.Civ.P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."). "Discovery Rules are to be broadly and liberally construed in order to fulfill discovery's purposes of providing both parties with 'information essential to the proper litigation of all relevant facts, to eliminate surprise, and to promote settlement.'" *Marook v. State Farm Mut. Auto. Ins. Co.,* 259 F.R.D. 388, 394 (N.D.Iowa 2009) (quoting *Rolscreen Co. v. Pella Prods.,* 145 F.R.D. 92, 94 (S.D.Iowa 1992)).

■ The scope of permissible discovery is broader than the scope of admissibility. *See, e.g., Hofer v. Mack Trucks, Inc.,* 981 F.2d 377, 380 (8th Cir.1992). Discovery requests are typically deemed relevant if there is any possibility that the information sought is relevant to any issue in the case. *Penford Corp. v. National Union Fire Ins. Co.,* 265 F.R.D. 430, 434–35 (N.D.Iowa 2009) (citing *Davis v. Union Pacific R.R. Co.,* No. 4:07CV00521 BSM, 2008 WL 3992761 (E.D.Ark. Aug. 26, 2008)). Nonetheless, there must be at least a "threshold showing of relevance" before parties "are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *Hofer,* 981 F.2d at 380. The party resisting production of requested information bears the burden of establishing the lack of relevancy, unless that lack of relevancy is obvious. *Marook,* 259 F.R.D. at 394–95.

■ A federal court may issue a protective order in order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c)(1). The party requesting a protective order must make a specific demonstration of facts in support of the request. *See, e.g., Frideres v. Schiltz,* 150 F.R.D. 153, 156 (S.D.Iowa 1993)

poena still in dispute. PetSmart states that it has not yet served that subpoena, as it is awaiting the outcome of Kampfe's present motion.

## B. The Parties' Arguments

PetSmart contends performance evaluations and disciplinary reports from Sears are relevant in light of its position that Kampfe was discharged for serious misconduct, including intimidating and harassing fellow store employees. PetSmart argues that it is entitled to discover whether other employers have disciplined Kampfe for engaging in similar misconduct and that the requested personnel file documents are reasonably likely to contain information regarding any misconduct by Kampfe. It further contends that payroll and benefits records from Sears are potentially relevant to damage-related issues, including its defense of failure to mitigate damages.

Kampfe denies that her personnel records from Sears have any potential relevance and appears to argue that relevance must be assessed solely in light of her own allegations in this case. She further notes that many courts have recognized privacy interests regarding personnel records and argues that those interests outweigh any discovery interests PetSmart might have. Thus, she contends that the subpoena directed to Sears must be quashed and that a protective order should issue.

## C. Discussion

### 1. Relevance

■ At the outset, I note that Kampfe's interpretation of the scope of discovery appears to be incorrect. She describes her own allegations and states that the requested discovery from Sears is irrelevant because it does not relate to those allegations. Doc. No. 19-1 at 3. This ignores the fact that discovery is permissible with regard to both a plaintiff's claims and a defendant's theories of defense. See Fed.R.Civ.P. 26(b)(1). Here, PetSmart alleges that it had a legitimate, non-discriminatory and non-retaliatory reason for discharging Kampfe: alleged misconduct, including intimating and harassing other employees. It further contends that Kampfe has failed to mitigate her damages. PetSmart's ability to conduct discovery is not limited only to Kampfe's allegations but, instead, extends to its own theories and defenses.

■ Thus, the issue is whether "there is any possibility that the information sought is relevant to any issue in the case." *Penford*, 265 F.R.D. at 434–35. PetSmart argues that it is entitled to discover whether Kampfe engaged in conduct while employed at Sears that is consistent with her alleged conduct while employed by PetSmart. I addressed a similar issue in *Cornell v. Jim Hawk Truck Trailer, Inc.*, 298 F.R.D. 403 (N.D.Iowa 2014), a case in which the defendants claimed they terminated plaintiff's employment because of performance issues, not disciplinary concerns. I concluded that personnel files from prior employers were discoverable, but only to the extent that they evaluated job performance. *Id.* at 407. I reasoned that evidence of similar performance issues with other employers arguably would be admissible at trial and could lead to the discovery of additional relevant evidence. *Id.*

Here, because PetSmart contends Kampfe was discharged for certain alleged acts of misconduct, I find that it is entitled to discover whether similar allegations were made while Kampfe was employed by Sears. In other words, PetSmart has articulated a sufficient, logical explanation of potential relevance to permit discovery of documents that might contain such information. I agree with PetSmart that if information of this nature exists, it could be located in either performance evaluations or disciplinary records. Thus, PetSmart is entitled to obtain those records from Sears by subpoena.

As for payroll and benefits records, PetSmart contends that information about Kampfe's compensation as a Sears employee may be relevant to her damages claim in this case and to its defense of failure to mitigate damages. Other than a conclusory reference to the "obvious irrelevance" of that information, Doc. No. 19-1 at 3, Kampfe makes no attempt to argue otherwise. I find that PetSmart has articulated a sufficient, logical explanation of potential relevance to permit discovery of payroll and benefits records from Sears.

### 2. Confidentiality

■ Kampfe argues that even if her personnel records from Sears are otherwise dis-

coverable, she is entitled to relief because courts have recognized a heightened privacy interest in personnel files. Doc. No. 19–1 at 2 (citing cases). However, she cites no authorities suggesting that personnel files are protected by a privilege against disclosure. Thus, while I agree that the unnecessary disclosure of personnel records should be avoided, I find that the interest of litigants in discovering relevant information pursuant to Rule 26 must outweigh the general privacy interest that an employee has in the contents of his or her employment file. That is, so long as the requesting party demonstrates a legitimate need, the information must be produced.

■ Here, as discussed above, PetSmart has shown that certain personnel records relating to Kampfe's employment at Sears may contain relevant information. Thus, I find that it is entitled to obtain those records despite Kampfe's heightened privacy interest in her personnel files. However, I will order that any records obtained from Sears be maintained as confidential.

### IV. CONCLUSION

For the reasons set forth above, Kampfe's motion (Doc. No. 19) to quash subpoenas and for protective order is **denied.** PetSmart may serve a subpoena duces tecum to obtain the following documents relating to Kampfe's employment with Sears: (1) documents reflecting Kampfe's starting and ending dates of employment, (2) applications, (3) resumes, (4) job descriptions, (5) performance evaluations, (6) disciplinary reports and (7) documents reflecting reason(s) for employment termination. Counsel for PetSmart shall provide copies to Kampfe's counsel of all documents produced in response to the subpoena. The parties and their counsel shall maintain all such documents as confidential, meaning neither the documents themselves nor any information about their contents shall be disclosed to third-parties, or to the public at large, absent leave of court or the agreement of all parties.

**IT IS SO ORDERED.**